# EXHIBIT 1

 

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print        GrantedPublicAccess  Logoff GREGMOLLETT

## 22SL-CC03010 - MIDWEST HEMORRHOID TR V MEDICAL DISPOSABLES C ET A (E-CASE)

| Case Header (FV Docket View) | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending / ○ Ascending

Display Options: All Entries

---

**07/20/2022** ☐ **Notice of Service**
Affidavit of Service on Jennifer Munoz on July 14 2022 at 12.58 pm.
   **Filed By:** MAX GEORGE MARGULIS
   **On Behalf Of:** MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY LLC

☐ **Notice of Service**
Affidavit of Service on Ralph Hernandez on July 14 2022 at 12.58 pm.
   **Filed By:** MAX GEORGE MARGULIS

☐ **Notice of Service**
Affidavit of Service on Medical Disposables Corp on July 14 2022 at 12.58 pm.
   **Filed By:** MAX GEORGE MARGULIS

---

**07/13/2022** ☐ **Motion for Extension of Time**
Motion for Extension of Time to serve Defendants Medical Disposables Corp R Hernandez and J Munoz.
   **Filed By:** MAX GEORGE MARGULIS
   **On Behalf Of:** MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY LLC

---

**06/22/2022** ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-552, for MUNOZ, JENNIFER.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-551, for HERNANDEZ, RALPH.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 22-SMOS-550, for MEDICAL DISPOSABLES CORP.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Judge Assigned**

---

**06/21/2022** ☐ **Filing Info Sheet eFiling**
   **Filed By:** MAX GEORGE MARGULIS

☐ **Note to Clerk eFiling**
   **Filed By:** MAX GEORGE MARGULIS

☐ **Motion Special Process Server**
Request for Appointment of Process Server for Medical Disposables Corp Ralph Hernandez and Jennifer Munoze.
   **Filed By:** MAX GEORGE MARGULIS

---

**On Behalf Of:** MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY LLC

☐ **Motion Filed**

Plaintiffs Memorandum of Law in supprt of its Motion for Class Certification.
    **Filed By:** MAX GEORGE MARGULIS

☐ **Motion Filed**

Motion for Class Certification.
    **Filed By:** MAX GEORGE MARGULIS

☐ **Pet Filed in Circuit Ct**

Class Action Petition.
    **Filed By:** MAX GEORGE MARGULIS

☐ **Judge Assigned**

DIV 6

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

STATE OF MISSOURI )
)
ST. LOUIS COUNTY )

**IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
STATE OF MISSOURI**

| | |
|---|---|
| MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC., individually and on behalf of all others similarly-situated, | Cause No. _____<br><br>Division |
| Plaintiff, | |
| v. | |
| MEDICAL DISPOSABLES CORP,<br> Jennifer Munoz, Registered Agent<br> 6831 Edgewater Commerce Pkwy, Suite 1101<br> Orlando, FL 32810<br> Orange County | PROCESS SERVER |
| RALPH HERNANDEZ<br> 3352 Stonewyck St,<br> Orlando, FL 32824<br> Orange County | PROCESS SERVER |
| JENNIFER MUNOZ<br> 3352 Stonewyck St,<br> Orlando, FL 32824<br> Orange County | PROCESS SERVER |
| and | |
| JOHN DOES 1-10, | HOLD SERVICE |
| Defendants. | |

**CLASS ACTION PETITION**

Plaintiff MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its

1

attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, JENNIFER MUNOZ and JOHN DOES 1-10 ("Defendants"):

## PRELIMINARY STATEMENT

1.    This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("advertising faxes" or "unsolicited faxes") and without a proper opt out notice.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.    Unsolicited faxes damage their recipients.  An advertising fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  An advertising fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.  An advertising fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of advertising faxing.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND PARTIES

6.      This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

7.      Plaintiff MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC, is a Missouri limited liability corporation with its principal place of business in Missouri.

8.      On information and belief, Defendant MEDICAL DISPOSABLES CORP, is a corporation with its principal place of business in Orange County, Florida.

9.      On information and belief, Defendant, RALPH HERNANDEZ, is an individual who resides in St. Louis County, Missouri.

10.      On information and belief, Defendant, JENNIFER MUNOZ, is an individual who resides in St. Louis County, Missouri.

11.      On information and belief, Defendant RALPH HERNANDEZ is the President, CEO and COO of MEDICAL DISPOSABLES CORP.

12.      On information and belief, Defendant JENNIFER MUNOZ is the Vice President, and Registered Agent of MEDICAL DISPOSABLES CORP.

13.     Defendant RALPH HERNANDEZ, upon information and belief, exercised direction and/or control over MEDICAL DISPOSABLES CORP, both generally and specifically with regard to the composing and sending advertising faxes.

14.     Defendant JENNIFER MUNOZ, upon information and belief, exercised direction and/or control over MEDICAL DISPOSABLES CORP, both generally and specifically with regard to the composing and sending advertising faxes.

15.     Upon information and belief, Defendant, RALPH HERNANDEZ, is a principal owner of MEDICAL DISPOSABLES CORP.

16.     Upon information and belief, Defendant, JENNIFER MUNOZ, is a principal owner of MEDICAL DISPOSABLES CORP.

17.     Defendants, John Does 1-10 will be identified through discovery, but are not presently known.

<div align="center">**RELEVANT FACTS**</div>

18.     Defendants sent unsolicited facsimiles, including but not limited to the fax sent on or about the dates of June 15, 2021, to Plaintiff in St. Louis County, Missouri.  A true and correct copy of the facsimiles are attached as Exhibit A (excluding any handwritten notations).  This is only an example of the fax sent by or on behalf of the Defendants to the Plaintiff.

19.     The transmissions sent to Plaintiff on or about June 15, 2021, constitutes material advertising the commercial availability of any property, goods or services.

20.    On information and belief, Defendants sent other facsimile transmissions of material advertising the commercial availability of property, goods, or services to Plaintiff and many other persons as part of a plan to broadcast fax advertisements, of which Exhibit A is an example.

21.    On information and belief, Defendants receive some or all of the revenues from the sale of the products, goods and services advertised on Exhibit A, and Defendants profit and benefit from the sale of the products, goods and services advertised on Exhibit A.

22. On information and belief, Defendants faxed the same and other unsolicited facsimiles of the fax advertisement attached hereto as Exhibit A to Plaintiff and at least 40 other recipients or sent the same and other advertisements by fax without first receiving the recipients' express invitation or permission or without having an established business relationship as defined by the TCPA and its regulations.

23.    Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

24.    Defendants created or made Exhibit A and other fax advertisements, which Defendants distributed to Plaintiff and the other members of the class.

25.    Exhibit A and the other facsimile advertisements are a part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.

26.     Exhibit A and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

27.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

28.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. § 64.1200(a)(4)(iii) of this section is unlawful.

29.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

30.     The transmission of facsimile advertisements, including Exhibit A, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

31.     Defendant have never included any notice on any facsimile advertisements that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

32.     On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

33. On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

34. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

35. Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

36. Defendants knew or should have known that: (a) facsimile advertisements, including Exhibit A were advertisements; (b) Plaintiff and the other members of the class had not given their prior permission or invitation to receive facsimile advertisements; (c) No established business relationship existed with Plaintiff and the other members of the class; and (d) Defendants did not display a proper opt out notice on the facsimile advertisements.

37. Defendants engaged in the transmissions of facsimile advertisements, including Exhibit A believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

38. Defendants did not intend to send transmissions of facsimile advertisements, including Exhibit A to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was

made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

39.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements, including Exhibit A both to others in general, and specifically to Plaintiff.

40.     The transmissions of facsimile advertisements, including Exhibit A to Plaintiff and other members of the class caused destruction of Plaintiff's property.

41.     The transmissions of facsimile advertisements, including Exhibit A to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' exclusive use of their property.

42.     The transmissions of facsimile advertisements, including Exhibit A to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' business and/or personal communications.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

43.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

44.     Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which were sent an advertisement by fax which did not display a proper opt out notice.

45.     A class action is warranted because:

a.      On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii.     Whether Exhibit A and other faxes transmitted by or on behalf of Defendant contain material advertising the commercial availability of any property, goods or services;

iii.    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

v.      Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.     Whether Defendants violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

vii.    Whether Plaintiff and the other class members are entitled to statutory damages;

viii.    Whether Defendants knowingly violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

ix.    Whether Defendants should be enjoined from faxing advertisements in the future;

x.    Whether the Court should award trebled damages; and

xi.    Whether Exhibit A and the other fax advertisements sent by or on behalf of Defendants displayed the proper opt out notice required by 47 C.F.R. § 64.1200.

c.    Plaintiff's claims are typical of the other class members.

d.    Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.    A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

10

47.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

48.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

49.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

50.    The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

51.    The Court, in its discretion, may treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

52.    The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

53.    Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' advertising faxes caused the recipients to lose paper and toner consumed in

11

the printing of Defendants' faxes. Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and/or its employees wasted their time receiving, reviewing and routing Defendants' unlawful faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

54. Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

55. If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

56. Defendants knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibit A and the other facsimile advertisements were advertisements, and (D) Exhibit A and the other facsimile advertisements did not display the proper opt out notice.

57. Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A and the other facsimile advertisements hereto to Plaintiff and the other members of the class without obtaining

their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

58.     Defendants knew or should have known that:  (a) documents Exhibit A and the other facsimile advertisements were advertisements; (b) Defendants did not obtain prior permission or invitation to send facsimile advertisements, including Exhibit A; (c) Defendants did not have an established business relationship with Plaintiff or the other members of the class and (d) Exhibit A and the other facsimile advertisements did not display a proper opt out notice.

59.     Defendants engaged in the transmissions of documents Exhibit A and the other facsimile advertisements believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

60.     Discovery will show that multiple additional faxes that contain material advertising the commercial availability of any property goods or services were transmitted to the Plaintiff's fax number by the Defendants from June 15, 2021 to the present without the prior express permission of the Plaintiff.

61.     Defendants did not intend to send transmissions of documents Exhibit A and the other facsimile advertisements to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of documents Exhibit A and the other facsimile advertisements were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

62.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of documents Exhibit A and the other facsimile advertisements both to others in general, and specifically to Plaintiff.

63.     Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.  Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendants' premises.  Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

64.     **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

(1)     A statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

14

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

(2)     A statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

(3)     A statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

(4)     The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

65.     **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.   The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

B.   The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

C.   The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34);

WHEREFORE, Plaintiff, MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, JENNIFER MUNOZ and JOHN DOES 1-10, jointly and severally, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C.      That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

D.      That the Court award costs and such further relief as the Court may deem just and proper.

E.      That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

<div align="center">

**COUNT II**
**DECLARATORY RELIEF**

</div>

66.      Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

67.      As a result of Defendants' actions, described herein, a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, and Plaintiff and the Class have legally protectable interests at stake.

68.      A declaration that Defendants' actions, as described herein, violate the TCPA is warranted.

## COUNT III
## CONVERSION

69.     Plaintiff incorporates Paragraphs 3 and 4, 18, 23 – 26, 32 – 34 and 37 – 42 as for its

paragraph 69.

70.     Plaintiff brings Count III for conversion under the common law for the following

class of persons:

> All persons who on or after five years prior to the filing of this action, were
> sent telephone facsimile messages by or on behalf of Defendants with respect
> to whom Defendants cannot provide evidence of prior express permission or
> invitation.

71.     A class action is proper in that:

a.      On information and belief, the class is so numerous that joinder of all

members is impracticable.

b.      There are questions of fact or law common to the class predominating over

all questions affecting only individual class members, including:

i.      Whether Defendants engaged in a pattern of sending unsolicited

faxes;

ii.     Whether Defendants sent faxes without obtaining the recipients'

prior express permission or invitation of the faxes;

iii.    The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

iv.     Whether Defendants committed the tort of conversion; and

v.      Whether Plaintiff and the other class members are entitled to recover

actual damages and other appropriate relief.

18

c. Plaintiff's claims are typical of the other class members.

d. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e. A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

72. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

73. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

74. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

75. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

76.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.   Such misappropriation was wrongful and without authorization.

77.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

78.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

79.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes.   Defendants knew or should have known employees' time is valuable to Plaintiff.

80.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.   Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose.   Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, JENNIFER MUNOZ and JOHN DOES 1-10, jointly and severally, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award appropriate damages;

C.      That the Court award costs of suit; and

D.      Awarding such further relief as the Court may deem just and proper.

<div align="center">

**COUNT IV**
**MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**
**Chapter 407**

</div>

81.     Plaintiff incorporates Paragraphs 3 and 4, 18, 23 – 26, 32 – 34 and 37 – 42 as for its paragraph 81.

82.     In accordance with Chapter 407, Plaintiff, on behalf of the following class of persons, bring Count IV for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

83.     A class action is proper in that:

a.      On information and belief, the class consists of over 40 persons in Missouri and throughout the United States and is so numerous that joinder of all members is impracticable.

<div align="center">

21

</div>

b.      There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

      i.      Whether Defendants engaged in a pattern of sending unsolicited faxes;

      ii.      The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

      iii.      Whether Defendants' practice of sending unsolicited faxes violates Missouri public policy;

      iv.      Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Missouri Merchandising Practices Act (MMPA), Chapter 407 RSMO; and

      v.      Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

c.      Plaintiff's claims are typical of the other class members.

d.      Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.      A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

84.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

85.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

86.    Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return.  Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

87.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

88.    Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

89.    Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unlawful purpose.  Defendants' actions also cost Plaintiff employee time, as

Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, JENNIFER MUNOZ and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award treble damages to Plaintiff and the other class members for willful or knowing violations of the TCPA;

D.     That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

E.     That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

F.     That the Court award attorney fees and costs;

G.     That the Court award all expenses incurred in preparing and prosecuting these claims;

H.     That the Court enter an injunction prohibiting Defendants from sending faxed advertisements; and

I.     Awarding such further relief as the Court may deem just and proper.

Respectfully submitted,


/s/ Max G. Margulis
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*


Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

# FAX COVER SHEET

**To:** Office Manager

**Company:** Medical Disposables

**Fax Number:**

**Re:** COVID RAPID TEST

**From:** Ricardo Casiano

**Date:** June 15, 2021 08:55

**Pages (Including cover):** 4

**Notes:**

JUST BE SURE YOUR PATIENT IS COVID FREE!

Don't delay your Test Results. TIME IS CRITICAL!!!!!!!!!

RESULTS IN 10 MINUTES.


Antigen CareStart Tests: Will detect if a patient has the virus.

FDA/EUA approved

CPT code 87426

Reimbursement $45.23

We have Special pricing of $7.00 ($140 per box)

20 Cassettes (TEST) per box When buying 5 boxes or more.

Results in just 10 minutes. 1 to 4 boxes @ $250.00 e/a


Antibody (IgG/IgM) from HEALGEN Test: finger prick that will help determine if patients have Antibodies of COVID19 virus.

FDA/EUA approved

CPT code 863228

Reimbursement $42.38

Results in less than 15 minutes.

EXHIBIT A - pg 1

Price $7.00 per Cassette in a box of 25 Cassettes ($175.00 per box)

FREE SHIPPING

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

EXHIBIT A - pg 2

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

# COVID-19 ANTIGEN TEST KIT

## CORONAVIRUS POINT-OF-CARE ANTIGEN RAPID TEST
AUTHORIZED BY FDA UNDER EUA FOR AUTHORIZED LABORATORIES

## FEATURES:
- Lateral flow assay
- Detect SARS-CoV-2 nucleocapsid protein antigen
- Rapid results within 10-15 minutes
- Intended at POC setting (i.e., in patient care settings) by medical professionals with a CLIA waiver
- For prescription and in vitro diagnostic use only
- For use with direct anterior nasal and nasopharyngeal swab specimens







## SPECIFICATIONS:
- 93.75% PPAa and 99.32% NPAb when used with nasopharyngeal swab
- 87.18% PPAa and 100% NPAb when used with anterior nasal swab

## CPT CODE: 87426
- Covered by insurance for private point-of-care (POC)
- Medicaid, Medicare, and most private insurance

**FOR PROFESSIONAL USE ONLY:** These tests are available for Medical Healthcare professionals only and are NOT intended for home use. Please call for more information.

## PROCEDURE:

**01**
Peel off aluminum foil seal and rotate the swab inside the extraction vial vigorously at least 5 times

**02**
Remove the swab by rotating against the extraction vial while squeezing the sides of the vial to release the liquid from the swab. Properly discard the swab.

**03**
Close the vial by pushing the cap firmly onto the vial and mix thoroughly by flicking the bottom of the tube:

**04**
Invert the extraction vial and hold the sample vertically above the sample well. Squeeze the vial gently. Allow three (3) drops of sample to fall into the sample well.

   

This product has not been FDA cleared or approved, but has been authorized by FDA under an EUA for use by authorized laboratories. This product has been authorized only for the detection of proteins from SARS-CoV-2, not for any other viruses or pathogens; and, The emergency use of this product is only authorized for the duration of the declaration that circumstances exist justifying the authorization of emergency use of in vitro diagnostics for detection and/or diagnosis of COVID-19 under Section 564(b)(1) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 360bbb3(b)(1), unless the declaration is terminated or authorization is revoked sooner.

 Like Us!  Follow Us! 

☎ (888) 863-1112  ⦿ 6831 Edgewater Commerce Pkwy Ste 1101 Orlando, FL 32810  ⦿ MedicalDisposables.us

**HAVE QUESTIONS? PLEASE CALL 321-800-5223**

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

# COVID-19 RAPID TEST KIT

## CORONA VIRUS IgG/IgM TEST

**99% Accuracy & Fast Results in 10 minutes**

## PRODUCT FEATURES:

- Rapid testing within 2 - 10 minutes
- Facilitates patient treatment decisions quickly
- Simple, time-saving procedure
- Little specimens, only 5μL of serum/plasma or 10 μL of whole blood specimens.
- All necessary reagents provided & no equipment needed
- High sensitivity and specificity

### **COVID-19 -** Ag Rapid Test Kit Cassette Swab

COVID-19 IgG/IgM Rapid Test Cassette (Whole Blood/Serum/Plasma) is a solid phase immunochromatographic assay for the rapid, qualitative and differential detection of IgG and IgM antibodies to 2019 Novel Coronavirus in human whole blood, serum or plasma.

The 2019 new coronavirus pneumonia (NCP), or "COVID-19", was discovered for the 2019 Wuhan Viral Pneumonia case in China and was named by the world Health Organization on January 12, 2020.

For confirmed coronavirus disease 2019 (COVID-19) cases, reported illnesses have ranged from mild symptoms to severe illness and death. Symptoms can include: fever, cough, and shortness of breath

The virus is thought to spread mainly from person-to-person:

- Between people who are in close contact with one another (with about 6 feet)
- Via Respiratory droplets produced wen an infected person coughs or sneezes.
- These droplets can land mouths or noses of people who are nearby or possibly be inhaled into the lungs.

MD MedicalDisposables.us
*More Products. More Solutions. Solid Results*

Like Us! Follow Us!

(888) 863 -1112 6831 Edgewater Commerce Pkwy Ste 1101 Orlando, FL 32810 MedicalDisposables.us

ricardo@medicaldisposables.us

**HAVE QUESTIONS? PLEASE CALL 321-800-5223**

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

# COVID-19 IgG/IgM Rapid Test Kit

## Step 1

Remove test cassette from the sealed foil pouch and use it as soon as possible. Place the test device on a clean and level surface, and transfer 80 µL of sample to the cassette.

## Step 2

Wait for the colored lines to appear. After 2 minutes if the test window still not present add 10 µL of the sample buffer to the buffer well.

## Step 3

The result should be read in 10 minutes. Positive results may be visible as soon as 2 minutes. Do not interpret the result after 15 minutes.

**Test Procedure & Interpretation**




## Positive

The presence of two lines as control line (C) and test line (T) within the result window indicates a positive result.

## Negative

The presence of only control line (C) within the result window indicates a negative result.

## Invalid

If the control line (C) is not visible within the result window after performing the test, the result is considered invalid. Some causes of invalid results are because of not following the directions correctly or the test may have deteriorated beyond the expiration date. It is recommended that the specimen be re-tested using a new test.



**MedicalDisposables.us**
*More Products. More Solutions. Solid Results*

Like Us! 

Follow Us! 

📞 (888) 863 -1112          📍 6831 Edgewater Commerce Pkwy Ste 1101
                                    Orlando, FL 32810
                        ✉ ricardo@medicaldisposables.us          🌐 MedicalDisposables.us

**HAVE QUESTIONS? PLEASE CALL 321-800-5223**

EXHIBIT A - pg 5

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

MIDWEST HEMORRHOID TREATMENT CENTER
TOWN & COUNTRY, LLC., individually and on
behalf of all others similarly-situated,

      Plaintiff,

v.

MEDICAL DISPOSABLES CORP,
RALPH HERNANDEZ, JENNIFER MUNOZ
and JOHN DOES 1-10,

      Defendants.

Cause No. _____

Division

**MOTION FOR CLASS CERTIFICATION**

COMES NOW Plaintiff, individually and on behalf of all others similarly situated, by and through its undersigned counsel, and for its Motion for Class Certification, states

1.    This cause should be certified as a class because all of the necessary elements of Rule 52.08 are met.

2.    Plaintiff requests that the Court certify a class, so the common claims of the Class members, based on a uniform legal theory and factual allegations applicable to all Class members, can be resolved on a class-wide basis.

3.    Plaintiff proposes the following Class definition:

All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which were sent an advertisement by fax which did not display a proper opt out notice.

4.      Under Rule 52.08(a)(1), to bring a Class action, the Class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1).  Here, there are at least hundreds of persons who fall within the Class definition.  Thus, the numerosity requirement of Rule 52.08(a)(1) is satisfied.

5**.**     There are questions of law or fact common to the Class members.

6.      The claims or defenses of the representative parties are typical of the claims or defenses of this Class.

7.      Plaintiff and its counsel will fairly and adequately protect the interest of the Class.

8.      Common issues of law or fact predominate over any individual issues, and a class action is the superior method for the fair and efficient adjudication of this controversy.

9.      The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class.

10.      The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

11.      Plaintiff requests additional time to file an Amended Class Certification Motion and Memorandum of Law after the Court sets up an appropriate discovery schedule.  Written discovery related to class certification issues is presently outstanding.

WHEREFORE, Plaintiff prays that this Court certify this case as a class action, grant statutory injunctive relief prohibiting Defendants from sending advertising materials via fax to members of the class, and further pray that the Court appoint Plaintiff as Class Representative,

appoint Plaintiff's attorneys Class Counsel; that this Court allow Plaintiff additional time, for completion of discovery related to class certification issues, to file an Amended Class Certification Motion and Memorandum of Law; and for such other and further relief as the Court deems appropriate under the circumstances.

In the alternative if the Court determines that this class certification motion be dismissed without prejudice as being premature, the Plaintiff requests that the Court issue an order that Defendant not be allowed to make an offer of judgment or a settlement offer until the Court sets a scheduling order and the Plaintiff is allowed time to conduct discovery and file a future class certification motion pursuant to the Court's scheduling order and that the future class certification motion will relate back to the filing of the original class certification motion.

Respectfully submitted,

/s/ Max G. Margulis
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 – Residential
E-Mail: MaxMargulis@MargulisLaw.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
P: (847) 368-1500
F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the Defendants MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, and JENNIFER MUNOZ at the same time as the petition.


/s/ Max G. Margulis

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

**IN THE CIRCUIT COURT
FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

MIDWEST HEMORRHOID TREATMENT CENTER
TOWN & COUNTRY, LLC., individually and on
behalf of all others similarly-situated,

      Plaintiff,

v.

MEDICAL DISPOSABLES CORP,
RALPH HERNANDEZ, JENNIFER MUNOZ
and JOHN DOES 1-10,

      Defendants.

Cause No. _____

Division

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR CLASS CERTIFICATION**

    NOW COMES Plaintiff, pursuant to Rule 52.08 of the Missouri Supreme Court Rules,

and submits this Memorandum of Law in Support of its Motion for Class Certification.

## INTRODUCTION

    Recent developments in class action practice make necessary the filing of this motion

with the petition. Defendants in class litigation have resorted to making individual settlement

offers to named plaintiffs before a class action is certified in an attempt to "pick-off" the putative

class representative and thereby derail the class action litigation. Most courts have rejected these

pick-off attempts and have held that the filing of a motion for class certification with the initial

petition or within a number of days after service of any settlement offer to a named plaintiff

staves off offers of judgment to the named plaintiff. Any settlement offer made after the filing of

the motion for class certification must be made on a class-wide basis. *See Alpern v. UtiliCorp

United*, 84 F.3d 1525 (8th Cir. 1996); *March v. Medicredit*, 2013 WL 6265070 at *4 (E.D. Mo.

1

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

Dec. 4, 2013)("Putative class action plaintiffs would be wise to immediately file such motions to protect the class from similar motions to dismiss based on offers of judgment"); *Geismann v. Be-Thin, Inc.*, No. 4:15CV00615 ERW (E.D. Mo. May 11, 2015); *Lafollette v. Liberty Mut. Fire Ins. Co.*, 2015 No. 2:14CV04147 NKL (W.D. Mo. Jan. 9, 2015) (Order striking a defendant's Rule 68 offer of judgment to only the named plaintiff prior to class certification and denying the defendant's motion to dismiss the named plaintiff's claims as moot); *Prater v Medicredit*, 2014 WL 3973863, at *6-7 (E.D. Mo. Aug. 14, 2014) (citing *March*, 2013 WL 6265070, at *4); *Goans Acquisition, Inc. v. Merch. Solutions, LLC*, 12-00539-CV-S-JTM, 2013 WL 5408460 at *6 n.4 (W.D. Mo. Sept. 26, 2013) (quoting *Damasco v. Clearwater Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).  *E.g. Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), replaced with *Chapman v. First Index, Inc.*, 2015 WL 4652878, ---F.3d--- (7th Cir. 2015); *Hooks v. Landmark Industries, Inc.*, 797 F.3d 309 (U.S.  5th Crt Appeals 2015), *Weiss v. Regal Collections*, 385 F. 3d 337, 344 n.12 (3d Cir. 2004); *see Jancik v. Cavalry Portfolio Servs.*, 2007 WL 1994026, at *2–3 (D. Minn. July 3, 2007) *Harris v. Messerli & Kramer, P.A.*, 2008 WL 508923, at *2–3 (D. Minn. Jan. 2, 2008) (same); *Johnson v. U.S. Bank Nat'l Assn.*, 276 F.R.D. 330, 333-335 (D. Minn. 2011) (same). *See also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Mey v. Monitronics Int'l, Inc.*, 2012 WL 983766, at *4-5 (N.D. W.Va. Mar. 22, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.Supp.2d 1020, 1029 (N.D. Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46, 48-50 (E.D. N.Y. 2003).  The issue is presently pending before the United States Supreme Court, *Gomez v. Campbell-Ewald Co.,* 768 F.3d 871 (9th Cir.2014), cert. Granted, ---U.S.---, 135 S.Ct 2311, 191 L.Ed.2d 977 (2015).

Plaintiff has served discovery but no responses have been filed. Plaintiff has not been afforded the opportunity to develop a full factual record in this case. Plaintiff will supplement its motion and brief in support of class certification after class wide discovery has been completed and as directed by a scheduling order entered by the court. Until then, Plaintiff cites to its Class Action Petition.

## ARGUMENT

### I. Standards governing class certification.

The Missouri Supreme Court has noted that class actions are "designed to promote judicial economy by permitting the litigation of the common questions of law and fact of numerous individuals in a single proceeding." *State ex rel. Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 (Mo.banc 2004). "Class actions … permit the plaintiffs to pool claims which would be uneconomical to litigate individually. [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985). Moreover, "[b]ecause class certification can be modified as the case progresses, courts should err in favor of, and not against, certifying a class." *Doyle v. Fluor Corp.*, 199 S.W.3d 784, 787-88 (Mo. App. 2006).

### II. The weight of authority favors certification.

Courts in Missouri have certified TCPA cases. *See Fun Services of Kansas City, Inc. v. Parrish Love d/b/a Asphalt Wizards* Case No. 0816CV00064 (Cir. Ct. Jackson Cty, Mo. May 24, 2010), Interlocutory Appeal #WD72566 was denied by Missouri Court of Appeals on June 23, 2010, writ was filed by Defendant in the Missouri Supreme Court #SC91037 and was denied on August 31, 2010; *Clean Carton Co., Inc., et al. v. Prime TV, LLC, et al.* Case No 01AC-11582 2004 TCPA Rep. 1294 (Mo. Cir. July 13, 2004). Judge Nixon certified a TCPA class and appellate review was denied. *Missouri Information Solutions, Inc. v. KC Subs, Inc.*, Case No.

3

0516-CV17319, 2008 WL 5631046 (Cir. Ct. Jackson, Cty, Mo. Dec. 16, 2008), *petition for interlocutory appeal denied*, (Jan. 22, 2009 Mo. Ct. of Appeals, Western Dist., Class Action Division). See also *Karen S. Little, LLC v. Drury Inns, Inc.*, 2010 WL 98002 (Mo. App. E.D. Jan. 12, 2010).

## III.    The proposed class.

Plaintiff proposes the following class definitions:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which were sent an advertisement by fax which did not display a proper opt out notice.

The Court should certify the Class, so this controversy can be resolved in a single action, rather than through separate individual actions.

## IV.    The Court should certify the TCPA claims for classwide resolution.

In order to maintain a class action, Plaintiff must show (1) that the class is so numerous that joinder of all members is impracticable, (2) that there are questions of law or fact common to the class, (3) that the representative party's claims are typical to those of the class, (4) that the representative party will fairly and adequately protect the interests of the class, and (5) only one of three 52.08(b) elements, which are risks of inconsistent adjudications; the appropriateness of final injunctive or declaratory relief with respect to the class as a whole; and predominance of common questions of fact or law. *See* Rule 52.08 of the Missouri Supreme Court Rules. Each of the elements is satisfied here.

**A.    Numerosity.**

Under Rule 52.08(a)(1), to bring a class action, the class must be "so numerous that joinder of all members is impracticable." Rule 52.08(a)(1). Plaintiff must show only that joinder is impracticable through some evidence or reasonable, good faith estimate of the number of purported class members. *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 167 (Mo. App. 2006). *See* Class Action Petition, ¶¶ 11-21, 37.a and Exhibits A1a through B14. Rule 52.08(a)(1)'s numerosity requirement is satisfied because individual joinder of those persons would be impracticable.

**B.    Commonality.**

While relief to the various members of a class need not be uniform, the requisite commonality of law or fact must be present. *Grosser, Inc*, 647 S.W.2d 911. This does not mean that all class members must be identically situated. *Renstcher v. Carnahan*, 160 F.R.D. 114, 116 (E.D. Mo. 1995). Further, factual differences are not fatal to maintenance of the class action if common questions of law or fact exist. Because a single issue common to all class members is all that is required, commonality is easily met in most cases. *Renstcher*, 160 F.R.D. at 116; *Crain v. Missouri State Employees Retirement System*, 613 S.W.2d 912 (Mo. App. 1981). *See* Class Action Petition, ¶¶ 37.b. i-x.

      a.      Whether Defendants violated the TCPA by faxing advertisements without first obtaining express invitation or permission to do so;

      b.      Whether Plaintiff and the other class members are entitled to statutory damages;

      c.      Whether Defendants violated the TCPA by faxing advertisements without a compliant opt-out notice; and

      d.      Whether Defendants' acts were "willful" or "knowing" under the TCPA and, if so, whether Plaintiff and the other class members are entitled to trebled damages.

**C.      Typicality.**

In order to meet the typicality requirement, a class representative must "be part of the class and possess the same interest and suffer the same injury as the class members." *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 410 (Mo. App. 2000). The named plaintiff and the other members of the class need only share an interest in prevailing on similar legal claims. *Phillips v. Hallmark Cards, Inc.*, 722 S.W.2d 86 (Mo. App. 1986). Here, typicality is inherent in the class definition. Each of the class members was subjected to the same conduct. Each member's claim is based on the same legal theory as Plaintiff's.

**D.      Adequacy of representation.**

Because a class action affects the rights of absent class members, Missouri Rule 52.08 (a)(4), like its federal counterpart, requires the trial court to determine whether the representative party will fairly and adequately represent the interests of the class. *Rule* 52.08(a)(4); *Kendrick*, 142 S.W.3d at 735. Adequacy of representation is a fact issue that must be determined under the circumstances of each case. *Craft v. Philip Morris Cos., Inc.*, 190 S.W.3d 368, 379 (Mo. App. 2005), citing *City of O'Fallon v. Bethman*, 569 S.W.2d 295, 299 (Mo. App. 1978).

Here, Plaintiff and the other class members seek statutory damages under the TCPA. Plaintiff understands its obligations and the nature of the claims, is involved in the litigation, and is interested in representing the class and enforcing the TCPA. Further, Plaintiff's counsel are experienced TCPA class action lawyers and they are adequate counsel for the class. Plaintiff's counsel have been litigating TCPA claims for many years. They have prosecuted dozens of these cases to successful resolution. They have successfully litigated insurance coverage actions about TCPA claims as well. Plaintiff's counsel will continue to commit adequate resources (staffing and monetary) to ensure that the class is properly represented. *See* Class Action Petition, ¶ 38. Therefore, Rule 52.08 (a)(4)'s "adequacy" requirement is satisfied.

6

**E.** **Rule 52.08(b) requirements.**

To maintain a class action in Missouri, plaintiff must prove only one of the three 52.08(b) elements. These elements are identical to those in Federal Rule 23, and involve the risks of inconsistent adjudications ((b)(1)); the appropriateness of final injunctive or declaratory relief with respect to the class as a whole ((b)(2)); and predominance of common questions of fact or law ((b)(3)). Plaintiff seeks certification under (b)(1) and (b)(3). *See* Class Action Petition, ¶¶ 37-39.

Common fact issues predominate in this case because the class members' claims are focused on Defendant's fax advertising campaigns. Further, from the perspective of the court system and the class members, a class action is superior to individual actions because the maximum recovery for each class member is $1,500 and the TCPA does not allow for fee shifting. Certification of this case as a class action would further the purposes of Rule 52.08. *See* Class Action Petition, ¶¶ 37-39.

<u>CONCLUSION</u>

All the class members were treated the same by the same course of conduct by Defendant. The mandatory elements of Rule 52.08" are met. *Missouri Information*, 2008 WL 5631046 at 15.

Here, the circumstances are nearly identical. The proposed class meets the requirements of Rules 52.08. Therefore, Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel.

Respectfully submitted,

_____/s/ Max G. Margulis_____
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 – Residential
F:  (636) 536-6652 – Residential
E-Mail:  MaxMargulis@MargulisLaw.com
*Attorney for Plaintiff*

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
P: (847) 368-1500
F: (847) 368-1501
E-Mail: bwanca@andersonwanca.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was served on the Defendants MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, and JENNIFER MUNOZ at the same time as the petition.

_____/s/ Max G. Margulis_____

8

**22SL-CC03010**

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Marilyn Margulis
Plaintiff/Petitioner

June 21, 2022
Date

_____
Case Number

vs.

_____
Division

Medical Disposables Corp, Ralph Hernandez
Defendant/Respondent

Jennifer Munoz & John Does 1-10

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Max G. Margulis, Attorney for Plaintiff                          , pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Winona Hunt, Robin Owens, Family Court & Services, LLC, 725 E Alfred St, Tavares, FL 32778

Name of Process Server                    Address                                         Telephone

Office: 352-343-3991,

Name of Process Server                    Address or in the Alternative                  Telephone

_____

Name of Process Server                    Address or in the Alternative                  Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:  Medical Disposables Corp.,

Jennifer Munoz, Registered Agent
Name
6831 Edgewater Commerce Pkwy, Suite 1101
Address
Orlando FL 32810
City/State/Zip  Orange County

SERVE:  Individual

Jennifer Munoz
Name
3352 Stonewyck St
Address
Orlando, FL 32824
City/State/Zip  Orange County

SERVE:  Individual

Ralph Hernandez
Name
3352 Stonewyck St
Address
Orlando, FL 32824
City/State/Zip  Orange County

SERVE:

_____
Name

_____
Address

_____
City/State/Zip  County

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

/s/ Max G. Margulis
Signature of Attorney/Plaintiff/Petitioner
24325
Bar No.
28 Old Belle Monte Rd, Chesterfield MO 63017
Address

By _____
Deputy Clerk

636-536-7022 - Residential      636-536-6652 - Residential
Phone No.                                           Fax No.

_____
Date

CCADM62-WS    Rev. 08/16

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**22SL-CC03010**

In the

# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Marilyn Margulis
Plaintiff/Petitioner

June 21, 2022
Date

_____
Case Number

vs.

Medical Disposables Corp, Ralph Hernandez
Defendant/Respondent

Jennifer Munoz & John Does 1-10

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Max G. Margulis, Attorney for Plaintiff                              , pursuant
                              Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Winona Hunt, Robin Owens, Family Court & Services, LLC, 725 E Alfred St, Tavares, FL 32778
Name of Process Server                    Address                                        Telephone

          Office: 352-343-3991,
Name of Process Server                    Address or in the Alternative                  Telephone

_____
Name of Process Server                    Address or in the Alternative                  Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE: Medical Disposables Corp.,
 Jennifer Munoz, Registered Agent
Name
 6831 Edgewater Commerce Pkwy, Suite 1101
Address
 Orlando FL 32810
City/State/Zip  Orange County

SERVE: Individual
 Jennifer Munoz
Name
 3352 Stonewyck St
Address
 Orlando, FL 32824
City/State/Zip  Orange County

SERVE: Individual
 Ralph Hernandez
Name
 3352 Stonewyck St
Address
 Orlando, FL 32824
City/State/Zip  Orange County

SERVE:

Name

Address

City/State/Zip  County

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk


By _____/s/Jeremy Smith_____
     Deputy Clerk

_____6/22/2022_____
Date

 /s/ Max G. Margulis
Signature of Attorney/Plaintiff/Petitioner
 24325
Bar No.
 28 Old Belle Monte Rd, Chesterfield MO 63017
Address
 636-536-7022 - Residential    636-536-6652 - Residential
Phone No.                              Fax No.

CCADM62-WS    Rev. 08/16

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM



I THE 1 T  I I  I  IT  T T  I  T I  I

| Judge or Division: | 1 |
|---|---|
| JOHN N. BORBONUS III | |

| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: |
|---|---|
| MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY LLC | MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |

| Defendant/Respondent: | Court Address: |
|---|---|
| MEDICAL DISPOSABLES CORP | ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit: | 105 SOUTH CENTRAL AVENUE |
| CC Injunction | CLAYTON, MO 63105 |

(Date File Stamp)

## E

T        E I   I   B E

E  I  E  TE   ITE 11 1
1 E  E  TE     E  E
          I

**COURT SEAL OF**

E I  EE  I        1 1    X 1 1
                    11

**ST. LOUIS COUNTY**

_____

I

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person at least 18 years of age residing therein.

   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____       _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

T me before this _____ (day) _____ (month) _____ (year)

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                      (use for out-of-state officer)
_(Seal)_            ☐ authorized to administer oaths. (use for court-appointed server)

                    _____
                             Signature and Title

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **T** | |

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# I  THE 1 T    I  I    I    IT        T    T    I        T  I        I

| Judge or Division:<br>JOHN N. BORBONUS III | 1 |
|---|---|
| Plaintiff/Petitioner:<br><br>MIDWEST HEMORRHOID TREATMENT<br>CENTER TOWN & COUNTRY LLC | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br><br>MEDICAL DISPOSABLES CORP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |

(Date File Stamp)

## E

T                              H  HE        E

   T    E    T

**COURT SEAL OF**

                                                                                    I

                              E  I    EE    I        1  1        X  1  1

                                                              11

**ST. LOUIS COUNTY**

—————

   I

---

## Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    - [ ]  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
- [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person at least 18 years of age residing therein.

    - [ ]  (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    - [ ]  other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**T** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons.
  (use for out-of-state officer)
- [ ] authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

---

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **T** | |

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# I THE 1T I I I IT T T I T I I

| Judge or Division:<br>JOHN N. BORBONUS III | **1** |
|---|---|
| Plaintiff/Petitioner:<br>MIDWEST HEMORRHOID TREATMENT<br>CENTER TOWN & COUNTRY LLC | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>MEDICAL DISPOSABLES CORP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## E

T        E  I  E

T    E    T

*COURT SEAL OF*

I

E  I    EE  I      1  1      X  1  1

11

*ST. LOUIS COUNTY*

_____

I

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**T** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons.
 (use for out-of-state officer)
*(Seal)*
☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **T** | |

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - July 13, 2022 - 05:06 PM

STATE OF MISSOURI      )
                         )
COUNTY OF ST. LOUIS   )

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC., individually and on behalf of all others similarly-situated,<br><br>     Plaintiff,<br><br>v.<br><br>MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, JENNIFER MUNOZ and JOHN DOES 1-10,<br><br>     Defendants. | Cause No. 22SL-CC03010<br><br>Division 6 |

## MOTION FOR EXTENSION OF TIME TO SERVE
## DEFENDANTS MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, and JENNIFER MUNOZ

Plaintiff, pursuant to Mo. S. Ct. R. 54.21, requests that the service deadline on the summonses on Defendants MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, and JENNIFER MUNOZ be extended from 30 (thirty) days to 90 (ninety) days from issuance of the summonses in order to allow sufficient time to obtain service. Defendants MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, and JENNIFER MUNOZ reside outside of Missouri.

The initial addresses available for Defendants MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, and JENNIFER MUNOZ from public records were inaccurate and skip traces are being performed to obtain new addresses for service. This process is taking additional time. The current return date is July 22, 2022. For the above reasons Plaintiff requests the return

date for the summons be extended to September 22, 2022.  Said request is being made before the initial summons period is set to expire.

      Wherefore the Plaintiff requests the Court extend the time for the summons return on Defendants MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, and JENNIFER MUNOZ to September 22, 2022.

_____     _____
SO ORDERED                         Date

/s/ Max G. Margulis
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 - Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney.  I hereby certify that on the 13th day of July, 2022, I submitted the foregoing to be electronically filed with the Court's electronic filing system.

      /s/ Max G. Margulis

Electronically Filed - St Louis County - July 20, 2022 - 06:01 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Saint Louis**                    **Circuit Court**

Case Number: 22SL-CC-03010

Plaintiff:
**MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY LLC**
vs.
Defendants:
**MEDICAL DISPOSABLES CORP., RALPH HERNANDEZ, JENNIFER MUNOZ, et al.**

For:
Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017

Received by Family & Court Services, LLC on the 24th day of June, 2022 at 10:46 am to be served on **MEDICAL DISPOSABLES CORP. R/A JENNIFER MUNOZ, 3352 STONEWYCK ST., ORLANDO, FL 32824.**

I, Winonalajuaia Hunt, being duly sworn, depose and say that on the **14th day of July, 2022** at **12:58 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS, CLASS ACTION PETITION, PRESERVATION LETTER, MOTION FOR CLASS CERTIFICATION, PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLASS CERTIFICATION** with the date and hour of service endorsed thereon by me, to: **RALPH HERNANDEZ** as CEO/PRESIDENT for **MEDICAL DISPOSABLES CORP.**, at the address of: **6831 EDGEWATER COMMERCE PKWY., SUITE 1101, ORLANDO, FL 32810,** and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
6/28/2022  12:26 pm  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824.  No answer, server left card, dogs present, server heard noises inside, vehicles present tags #'s IRU I24, QBHW72 & BGKQ34.
7/1/2022  2:00 pm  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, same tags, Hispanic female 60 answered door said she doesn't understand English. Left contact card.
7/2/2022  5:08 pm  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, No answer, server left card, Dogs present, All same tags
7/8/2022  10:34 am  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, all the same tags still there & tag # Y48 RZX, dog, no answer
7/14/2022  7:23 am  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, same tags no answer lights on

**Description** of Person Served: Age: 65, Sex: M, Race/Skin Color: Hispanic, Height: 5'8", Weight: 240, Hair: Grey, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and have been properly certified as a process server by Administrative Order A200821B and am currently certified to serve process pursuant to the provisions of the order. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.

Winonalajuaia Hunt
10518-11

Family & Court Services, LLC
725 E Alfred Street
Tavares, FL 32778
(352) 343-3991

Subscribed and Sworn to before me on the 15th day of July, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

Our Job Serial Number: FAM-2022012045



Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

## AFFIDAVIT OF SERVICE

**State of Missouri**             **County of Saint Louis**                **Circuit Court**

Case Number: 22SL-CC-03010

Plaintiff:
**MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY LLC**

vs.

Defendants:
**MEDICAL DISPOSABLES CORP., RALPH HERNANDEZ, JENNIFER MUNOZ, et al.**

For:
Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017

Received by Family & Court Services, LLC on the 24th day of June, 2022 at 10:46 am to be served on **RALPH HERNANDEZ, 3352 STONEWYCK ST., ORLANDO, FL 32824.**

I, Winonalajuaia Hunt, being duly sworn, depose and say that on the **14th day of July, 2022** at **12:58 pm,** I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, CLASS ACTION PETITION, PRESERVATION LETTER, MOTION FOR CLASS CERTIFICATION, PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLASS CERTIFICATION** with the date and hour of service endorsed thereon by me, to: **RALPH HERNANDEZ** at the address of: **6831 EDGEWATER COMMERCE PKWY., SUITE 1101, ORLANDO, FL 32810,** and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
6/28/2022  12:26 pm  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824. No answer, server left card, dogs present  Server heard noises inside, vehicles present tags #'s IRU I24, QBHW72 & BGKQ34.
7/1/2022  2:00 pm  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, same tags, Hispanic female 60 answered door said she doesn't understand English. Left contact card.
7/2/2022  5:08 pm  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, No answer, server left card, Dogs present, All same tags
7/8/2022  10:34 am  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, all the same tags still there & tag # Y48 RZX, dog, no answer
7/14/2022  7:23 am  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, same tags no answer lights on

**Description** of Person Served: Age: 65, Sex: M, Race/Skin Color: Hispanic, Height: 5'8", Weight: 240, Hair: Grey, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and have been properly certified as a process server by Administrative Order A200821B and am currently certified to serve process pursuant to the provisions of the order. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.

**Winonalajuaia Hunt**
10518-11

Subscribed and Sworn to before me on the 15th day of July, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

DIANE BACON
Notary Public - State of Florida
Commission # GG 919693
My Comm. Expires Oct 6, 2023
Bonded through National Notary Assn

**Family & Court Services, LLC**
**725 E Alfred Street**
**Tavares, FL 32778**
**(352) 343-3991**

Our Job Serial Number: FAM-2022012043

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

Electronically Filed - St Louis County - July 20, 2022 - 06:01 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**  **County of Saint Louis**  **Circuit Court**

Case Number: 22SL-CC-03010

Plaintiff:
**MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY LLC**

vs.

Defendants:
**MEDICAL DISPOSABLES CORP., RALPH HERNANDEZ, JENNIFER MUNOZ, et al.**

For:
Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017

Received by Family & Court Services, LLC on the 24th day of June, 2022 at 10:46 am to be served on **JENNIFER MUNOZ, 3352 STONEWYCK ST., ORLANDO, FL 32824**.

I, Winonalajuaia Hunt, being duly sworn, depose and say that on the **14th day of July, 2022** at **12:58 pm, I:**

**SUBSTITUTE** served by delivering a true copy of the **SUMMONS, CLASS ACTION PETITION, PRESERVATION LETTER, MOTION FOR CLASS CERTIFICATION, PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CLASS CERTIFICATION** with the date and hour of service endorsed thereon by me, to: **RALPH HERNANDEZ** as **PRESIDENT** at the address of: **6831 EDGEWATER COMMERCE PKWY., SUITE 1101, ORLANDO, FL 32810**, the within named person's usual place of **Abode**, who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
6/28/2022  12:26 pm  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824. No answer, server left card, dogs present, server heard noises inside, vehicles present tags #'s IRU I24, QBHW72 & BGKQ34.
7/1/2022  2:00 pm  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, same tags, Hispanic female 60 answered door said she doesn't understand English. Left contact card.
7/2/2022  5:08 pm  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, No answer, server left card, Dogs present, All same tags
7/8/2022  10:34 am  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, all the same tags still there & tag # Y48 RZX, dog, no answer
7/14/2022  7:23 am  Attempted service at 3352 STONEWYCK ST., ORLANDO, FL 32824, same tags no answer lights on

**Description** of Person Served: Age: 65, Sex: M, Race/Skin Color: Hispanic, Height: 5'8", Weight: 240, Hair: Grey, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and have been properly certified as a process server by Administrative Order A200821B and am currently certified to serve process pursuant to the provisions of the order. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.

Subscribed and Sworn to before me on the 15th day of July, 2022 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

DIANE BACON
Notary Public - State of Florida
Commission # GG 919693
My Comm. Expires Oct 6, 2023
Bonded through National Notary Assn

**Winonalajuaia Hunt**
10518-11

**Family & Court Services, LLC**
725 E Alfred Street
Tavares, FL 32778
(352) 343-3991

Our Job Serial Number: FAM-2022012044

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k