**22SL-CC03010**

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

STATE OF MISSOURI      )
                                )
ST. LOUIS COUNTY      )

## IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC., individually and on behalf of all others similarly-situated, | Cause No. _____ |
| | Division |
|      Plaintiff, | |
| v. | |
| MEDICAL DISPOSABLES CORP, | PROCESS SERVER |
|      Jennifer Munoz, Registered Agent | |
|      6831 Edgewater Commerce Pkwy, Suite 1101 | |
|      Orlando, FL 32810 | |
|      Orange County | |
| RALPH HERNANDEZ | PROCESS SERVER |
|      3352 Stonewyck St, | |
|      Orlando, FL 32824 | |
|      Orange County | |
| JENNIFER MUNOZ | PROCESS SERVER |
|      3352 Stonewyck St, | |
|      Orlando, FL 32824 | |
|      Orange County | |
| and | |
| JOHN DOES 1-10, | HOLD SERVICE |
|      Defendants. | |

## <u>CLASS ACTION PETITION</u>

Plaintiff MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY,

LLC ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, JENNIFER MUNOZ and JOHN DOES 1-10 ("Defendants"):

## PRELIMINARY STATEMENT

1.    This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("advertising faxes" or "unsolicited faxes") and without a proper opt out notice.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.    Unsolicited faxes damage their recipients.  An advertising fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  An advertising fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.  An advertising fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of advertising faxing.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND PARTIES

6.      This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

7.      Plaintiff MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC, is a Missouri limited liability corporation with its principal place of business in Missouri.

8.      On information and belief, Defendant MEDICAL DISPOSABLES CORP, is a corporation with its principal place of business in Orange County, Florida.

9.      On information and belief, Defendant, RALPH HERNANDEZ, is an individual who resides in St. Louis County, Missouri.

10.     On information and belief, Defendant, JENNIFER MUNOZ, is an individual who resides in St. Louis County, Missouri.

11.     On information and belief, Defendant RALPH HERNANDEZ is the President, CEO and COO of MEDICAL DISPOSABLES CORP.

12.     On information and belief, Defendant JENNIFER MUNOZ is the Vice President, and Registered Agent of MEDICAL DISPOSABLES CORP.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

13.     Defendant RALPH HERNANDEZ, upon information and belief, exercised direction and/or control over MEDICAL DISPOSABLES CORP, both generally and specifically with regard to the composing and sending advertising faxes.

14.     Defendant JENNIFER MUNOZ, upon information and belief, exercised direction and/or control over MEDICAL DISPOSABLES CORP, both generally and specifically with regard to the composing and sending advertising faxes.

15.     Upon information and belief, Defendant, RALPH HERNANDEZ, is a principal owner of MEDICAL DISPOSABLES CORP.

16.     Upon information and belief, Defendant, JENNIFER MUNOZ, is a principal owner of MEDICAL DISPOSABLES CORP.

17.     Defendants, John Does 1-10 will be identified through discovery, but are not presently known.

## RELEVANT FACTS

18.     Defendants sent unsolicited facsimiles, including but not limited to the fax sent on or about the dates of June 15, 2021, to Plaintiff in St. Louis County, Missouri.  A true and correct copy of the facsimiles are attached as Exhibit A (excluding any handwritten notations).  This is only an example of the fax sent by or on behalf of the Defendants to the Plaintiff.

19.     The transmissions sent to Plaintiff on or about June 15, 2021, constitutes material advertising the commercial availability of any property, goods or services.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

20.    On information and belief, Defendants sent other facsimile transmissions of material advertising the commercial availability of property, goods, or services to Plaintiff and many other persons as part of a plan to broadcast fax advertisements, of which Exhibit A is an example.

21.    On information and belief, Defendants receive some or all of the revenues from the sale of the products, goods and services advertised on Exhibit A, and Defendants profit and benefit from the sale of the products, goods and services advertised on Exhibit A.

22. On information and belief, Defendants faxed the same and other unsolicited facsimiles of the fax advertisement attached hereto as Exhibit A to Plaintiff and at least 40 other recipients or sent the same and other advertisements by fax without first receiving the recipients' express invitation or permission or without having an established business relationship as defined by the TCPA and its regulations.

23.    Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

24.    Defendants created or made Exhibit A and other fax advertisements, which Defendants distributed to Plaintiff and the other members of the class.

25.    Exhibit A and the other facsimile advertisements are a part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

26.    Exhibit A and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

27.    The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

28.    The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. § 64.1200(a)(4)(iii) of this section is unlawful.

29.    The transmission of facsimile advertisements, including Exhibit A, to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

30.    The transmission of facsimile advertisements, including Exhibit A, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

31.    Defendant have never included any notice on any facsimile advertisements that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. § 64.1200(a)(4)(iii).

32.    On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

33.    On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

34.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.    Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

35.    Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

36.    Defendants knew or should have known that: (a) facsimile advertisements, including Exhibit A were advertisements; (b) Plaintiff and the other members of the class had not given their prior permission or invitation to receive facsimile advertisements; (c) No established business relationship existed with Plaintiff and the other members of the class; and (d) Defendants did not display a proper opt out notice on the facsimile advertisements.

37.    Defendants engaged in the transmissions of facsimile advertisements, including Exhibit A believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

38.    Defendants did not intend to send transmissions of facsimile advertisements, including Exhibit A to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

39.    Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements, including Exhibit A both to others in general, and specifically to Plaintiff.

40.    The transmissions of facsimile advertisements, including Exhibit A to Plaintiff and other members of the class caused destruction of Plaintiff's property.

41.    The transmissions of facsimile advertisements, including Exhibit A to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' exclusive use of their property.

42.    The transmissions of facsimile advertisements, including Exhibit A to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' business and/or personal communications.

<u>**COUNT I**</u>
<u>**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**</u>

43.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

44.    Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which were sent an advertisement by fax which did not display a proper opt out notice.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

45.    A class action is warranted because:

a.    On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii.    Whether Exhibit A and other faxes transmitted by or on behalf of Defendant contain material advertising the commercial availability of any property, goods or services;

iii.    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

iv.    The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

v.    Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.    Whether Defendants violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

vii.    Whether Plaintiff and the other class members are entitled to statutory damages;

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

viii.    Whether Defendants knowingly violated the provisions of 47 U.S.C. § 227 or the regulations prescribed thereunder;

ix.    Whether Defendants should be enjoined from faxing advertisements in the future;

x.    Whether the Court should award trebled damages; and

xi.    Whether Exhibit A and the other fax advertisements sent by or on behalf of Defendants displayed the proper opt out notice required by 47 C.F.R. § 64.1200.

c.    Plaintiff's claims are typical of the other class members.

d.    Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.    A class action is the superior method for adjudicating this controversy fairly and efficiently.   The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

47.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

48.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

49.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

50.     The TCPA provides:

> Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     Both such actions.

51.     The Court, in its discretion, may treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

52.     The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

53.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' advertising faxes caused the recipients to lose paper and toner consumed in

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

the printing of Defendants' faxes.  Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine.  Defendants' faxes cost Plaintiff time, as Plaintiff and/or its employees wasted their time receiving, reviewing and routing Defendants' unlawful faxes.  That time otherwise would have been spent on Plaintiff's business activities.   Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

54.    Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

55.    If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

56.    Defendants knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibit A and the other facsimile advertisements were advertisements, and (D) Exhibit A and the other facsimile advertisements did not display the proper opt out notice.

57.    Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A and the other facsimile advertisements hereto to Plaintiff and the other members of the class without obtaining

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

their prior express permission or invitation and not displaying the proper opt out notice required by 47 C.F.R. § 64.1200.

58.     Defendants knew or should have known that:  (a) documents Exhibit A and the other facsimile advertisements were advertisements; (b) Defendants did not obtain prior permission or invitation to send facsimile advertisements, including Exhibit A; (c) Defendants did not have an established business relationship with Plaintiff or the other members of the class and (d) Exhibit A and the other facsimile advertisements did not display a proper opt out notice.

59.     Defendants engaged in the transmissions of documents Exhibit A and the other facsimile advertisements believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

60.     Discovery will show that multiple additional faxes that contain material advertising the commercial availability of any property goods or services were transmitted to the Plaintiff's fax number by the Defendants from June 15, 2021 to the present without the prior express permission of the Plaintiff.

61.     Defendants did not intend to send transmissions of documents Exhibit A and the other facsimile advertisements to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of documents Exhibit A and the other facsimile advertisements were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

62.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of documents Exhibit A and the other facsimile advertisements both to others in general, and specifically to Plaintiff.

63.     Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities. Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendants' premises. Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

64.     **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

> (1)     A statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

14

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

(2)    A statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

(3)    A statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

(4)    The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

65.    **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

A.    The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

B.    The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

C.    The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34);

WHEREFORE, Plaintiff, MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, JENNIFER MUNOZ and JOHN DOES 1-10, jointly and severally, as follows:

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C.      That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

D.      That the Court award costs and such further relief as the Court may deem just and proper.

E.      That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

**COUNT II**
**DECLARATORY RELIEF**

66.      Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

67.      As a result of Defendants' actions, described herein, a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, and Plaintiff and the Class have legally protectable interests at stake.

68.      A declaration that Defendants' actions, as described herein, violate the TCPA is warranted.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

## COUNT III
## CONVERSION

69.     Plaintiff incorporates Paragraphs 3 and 4, 18, 23 – 26, 32 – 34 and 37 – 42 as for its

paragraph 69.

70.     Plaintiff brings Count III for conversion under the common law for the following

class of persons:

> All persons who on or after five years prior to the filing of this action, were
> sent telephone facsimile messages by or on behalf of Defendants with respect
> to whom Defendants cannot provide evidence of prior express permission or
> invitation.

71.     A class action is proper in that:

a.     On information and belief, the class is so numerous that joinder of all

members is impracticable.

b.     There are questions of fact or law common to the class predominating over

all questions affecting only individual class members, including:

i.     Whether Defendants engaged in a pattern of sending unsolicited

faxes;

ii.     Whether Defendants sent faxes without obtaining the recipients'

prior express permission or invitation of the faxes;

iii.     The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

iv.     Whether Defendants committed the tort of conversion; and

v.     Whether Plaintiff and the other class members are entitled to recover

actual damages and other appropriate relief.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

  c.  Plaintiff's claims are typical of the other class members.

  d.  Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

  e.  A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

72. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

73. A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

74. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

75. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

19

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

76.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.   Such misappropriation was wrongful and without authorization.

77.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

78.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

79.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes.   Defendants knew or should have known employees' time is valuable to Plaintiff.

80.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.   Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose.   Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

WHEREFORE, Plaintiff, MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, JENNIFER MUNOZ and JOHN DOES 1-10, jointly and severally, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award appropriate damages;

C.      That the Court award costs of suit; and

D.      Awarding such further relief as the Court may deem just and proper.

## COUNT IV
## MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### Chapter 407

81.     Plaintiff incorporates Paragraphs 3 and 4, 18, 23 – 26, 32 – 34 and 37 – 42 as for its paragraph 81.

82.     In accordance with Chapter 407, Plaintiff, on behalf of the following class of persons, bring Count IV for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

83.     A class action is proper in that:

a.      On information and belief, the class consists of over 40 persons in Missouri and throughout the United States and is so numerous that joinder of all members is impracticable.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

b.      There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

      i.      Whether Defendants engaged in a pattern of sending unsolicited faxes;

      ii.      The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

      iii.      Whether Defendants' practice of sending unsolicited faxes violates Missouri public policy;

      iv.      Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Missouri Merchandising Practices Act (MMPA), Chapter 407 RSMO; and

      v.      Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

c.      Plaintiff's claims are typical of the other class members.

d.      Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.      A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

84.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

85.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

86.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return.  Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

87.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

88.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

89.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unlawful purpose.  Defendants' actions also cost Plaintiff employee time, as

23

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, MIDWEST HEMORRHOID TREATMENT CENTER TOWN & COUNTRY, LLC, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, MEDICAL DISPOSABLES CORP, RALPH HERNANDEZ, JENNIFER MUNOZ and JOHN DOES 1-10, jointly and severally, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award treble damages to Plaintiff and the other class members for willful or knowing violations of the TCPA;

D.    That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

E.    That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

F.    That the Court award attorney fees and costs;

G.    That the Court award all expenses incurred in preparing and prosecuting these claims;

H.    That the Court enter an injunction prohibiting Defendants from sending faxed advertisements; and

I.    Awarding such further relief as the Court may deem just and proper.

Electronically Filed - St Louis County - June 21, 2022 - 07:50 PM

Respectfully submitted,


/s/ Max G. Margulis

Max G. Margulis, #24325

**MARGULIS LAW GROUP**

28 Old Belle Monte Rd.

Chesterfield, MO 63017

P: (636) 536-7022 - Residential

E-Mail: MaxMargulis@MargulisLaw.com

*Attorneys for Plaintiff*


Of Counsel

Brian J. Wanca

ANDERSON + WANCA

3701 Algonquin Road, Suite 500

Rolling Meadows, IL  60008

Phone:  (847) 368-1500

Fax:  (847) 368-1501

E-Mail: bwanca@andersonwanca.com